UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:04CV-486-R

DONALD DRUIN and
MARY DRUIN                                                                                           PLAINTIFFS

v.

LOUISVILLE AND JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT,
CITY OF LOUISVILLE, JEFFERSON COUNTY,
MAINSOURCE FINANCIAL GROUP, INC.,
LOUISVILLE GAS & ELECTRIC COMPANY, STOCK YARDS BANK AND TRUST CO.
REGIONAL BANK, PNC BANK, NATIONAL ASSOCIATION, and
UNITED STATES INTERNAL REVENUE SERVICE
                                                                                                      DEFENDANTS

**MEMORANDUM OPINION**

Defendant Louisville and Jefferson County Metropolitan Sewer District ("MSD") has moved for summary judgment (Dkt. # 18). Plaintiffs responded (Dkt. # 26), Defendant replied (Dkt. # 30), and this matter is now ripe for decision. For the reasons given below, Defendant's motion for summary judgment is **GRANTED**.

**BACKGROUND**

Plaintiffs are owners of property located on Lower River Road in Louisville, Kentucky, near Defendant MSD's West County Sanitary Sewage Treatment Plant ("Plant"). Plaintiffs claim that, as a result of MSD's expansion of its Plant, they have been subjected to an unconstitutional taking of the value of their property without compensation therefor. Specifically, they claim that due to (a) the odor of sewage, (b) insect infestation, and (c) noise from an electricity substation, all from the Plant, they "have been unable to rent the properties

1

for residential purposes and the carrying on of any commercial venture which requires the presence of people on the premises is next to impossible." (Plaintiffs' Amended Complaint, Dkt. # 33, at 8.) Further, Plaintiffs allege that the effects from MSD's expansion of the Plant "constitute a nuisance because of the inherent dangers in the operation of the spread of diseases by the insects and additionally constitutes a nuisance to the Plaintiffs prohibiting them from the full use and enjoyment of their property." *Id.* As a result of this nuisance, they allege (a) damage to property values; (b) "loss of the reasonable use and enjoyment of their real property rights occasioned by the unbearable sewage odors;" (c) "loss of the ability to spend time outside their homes;" and (d) "constant annoyance and health hazard created by the flying insects." *Id.* Plaintiffs also brought suit against other entities with claims to the property - either on the basis of tax liens, mortgages, or easements. *Id.* at 9-10. MSD moved for summary judgment on the takings claim pursuant to Fed. R. Civ. P. 56(c). Since MSD's summary judgment motion, Plaintiffs have filed an amended complaint adding a separate nuisance claim. This opinion addresses only the takings claim.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## ANALYSIS

Defendants first argue that the Court lacks jurisdiction to decide the takings claim because Plaintiffs failed to exhaust their administrative remedies. In *Commonwealth v. DLX, Inc.*, the Kentucky Supreme Court held that "exhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial relief." 42 S.W.3d 624, 625 (Ky. 2001), citing *Goodwin v. City of Louisville*, 309 Ky. 11, 215 S.W.2d 557, 559 (Ky. 1948). Plaintiffs argue that the damages they are suffering were unforeseeable at the time the decision to expand the

Plant was made, and therefore they are not barred from bringing the instant claim directly in this Court. There is an exception to the exhaustion of administrative remedies requirement where pursuing administrative remedies would be futile. *See, e.g., Sobolewski v. Louisville Downs, Inc.*, 609 S.W.2d 943, (Ky. Ct. App. 1980). The statute which provides for such administrative remedies, KRS § 67A.880, provides that challenges must be brought within a thirty-day window, with a possible fifteen-day extension. KRS § 67A.880(1). It also provides that "[a]fter the lapse of time as herein provided, all actions by owners of properties to be benefited [*sic*] shall be forever barred." KRS § 67A.880(2). Plaintiffs' attempts to exercise administrative remedies, therefore, would be futile.

MSD also asserts that Plaintiffs have failed to present evidence sufficient to raise a material issue of fact on a necessary element of their claim: that is, that MSD's expansion of the Plant effected a taking for Fifth Amendment purposes. The Kentucky Supreme Court, in an inverse condemnation case, explicitly adopted the elements set forth by the Supreme Court of the United States in its landmark takings case *Penn Central Transportation Co v. City of New York*, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978). In *Commonwealth v. Stearns Coal & Lumber Co.*, 678 S.W.2d 378, 381 (Ky. 1984), the Kentucky Supreme Court summarized them:

> Such elements are (1) the economic impact of the law on the claimant, (2) the extent to which the regulation has interfered with distinct investment-backed expectations, (3) the "character" of the governmental action, that is whether the action is a physical invasion versus a public program adjusting the benefits and burdens of economic life to promote the common good, (4) what uses the regulation permits, (5) that the inclusion of the protected property was not arbitrary or unreasonable, and (6) that judicial review of the agency decision was available.

In support of its determination that the challenged regulation did not constitute a taking, the Kentucky Supreme Court also noted that "a majority of the decisions involving an inverse taking

4

involve acts which completely frustrate the landowner's rights and deprive him of the use of his property." *Id.* at 382. In that case, a landowner challenged Kentucky's Wild Rivers Act and its enforcement to block a number of commercial uses of land regulated by that statute. The Kentucky Supreme Court said that "a valid exercise of police power is not unconstitutional merely because it deprives a property owner of the most beneficial use of the property." *Id.*, citing *Blancett v. Montgomery*, 398 S.W.2d 877 (Ky. 1966). Because within the realm of the regulation the landowner "made substantial beneficial use of the property," the court decided that the landowner "ha[d] not suffered an excessive interference with the legally protected use of the land ... and the land has not been destroyed nor has an additional burden been placed upon the maintenance of that use." *Id.*

Defendants also cite an unpublished Sixth Circuit Court of Appeals opinion in which that court had occasion to interpret *Commonwealth v. Stearns* in an inverse condemnation context. In *Blue Ribbon Properties, Inc. v. Hardin County Fiscal Court*, the court was faced with an inverse condemnation challenge to a decision by the county to deny the plaintiff a permit to construct a landfill. The court in that case based its analysis of the inverse condemnation claim on *Stearns* as well as *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992). As the *Blue Ribbon* court said, in *Lucas*,

> [t]he [Supreme] Court ... built on *Pa. Coal Co. v. Mahon*, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922), which had held that a compensable taking occurred, even absent a direct physical appropriation, when the government regulated property to such an extent that the regulation was the "functional equivalent of a 'practical ouster of [the owner's] possession.'"

*Blue Ribbon*, 50 Fed. Appx. at 675, quoting *Lucas*, 505 U.S. at 1014, 112 S.Ct. 2886. The *Blue Ribbon* court also noted that in *Lucas* "...the Court repeatedly emphasized the 'extraordinary'

5

nature of a regulation that would qualify as a taking because it would allow a property owner 'no productive or economically beneficial use of land.'" *Id.*, citing *Lucas*, 505 U.S. at 1017, 112 S.Ct. 2886. The *Blue Ribbon* court also explained that "[i]t was Blue Ribbon's burden to present evidence sufficient to create a genuine issue for the trier of fact that there is no productive use to which Blue Ribbon can put its property or that all economically productive use of the property has been lost due to government action." *Id.* at 676.

Plaintiffs attempt to distinguish *Penn Central* and *Blue Ribbon* on the facts of those two cases; their argument is unavailing because they do not give any indication of why the factual distinctions are legally significant. (Plaintiffs' Response to Defendants' Motion for Summary Judgment, Dkt. # 26, at 2). The Kentucky Supreme Court held in *Stearns* that the *Penn Central* factors are applicable in inverse condemnation cases, and the fact that *Blue Ribbon* arose in the context of a denial of a landfill permit rather than a sewer treatment plant does not, without more, make it irrelevant.

To determine whether there has been a taking, then, the Court must examine the facts about the property's uses before and after the expansions of the Plant. In their Motion for Summary Judgment, Defendants set out the facts, and Plaintiffs in their Response affirmed the correctness of those facts. 11618 Lower River Road ("11618") has been and continues to be used as the site of an office or offices for Plaintiff Donald Druin's various businesses; it is also used as a horse farm, consisting of an arena, stalls, barns, and apartment. The other three properties have all been and continue to be used as the sites of single family residences; Plaintiff Mary Druin resides on one, Plaintiff Donald Druin leases another to his son, and the third is currently on the rental/sale market.

Plaintiffs argue that the diminution in value of the property, as well as their alleged difficulty in renting the vacant home, are sufficient to render the expansion of the Plant a taking. In light of the facts as summarized above, however, the evidence is insufficient to create a jury issue as to whether Plaintiffs have been able to make "substantial beneficial use" of the property, see *Stearns*, 678 S.W.2d at 382; to the contrary, it demonstrates that they have made such use. Therefore, there has been no taking and inverse condemnation would be improper under Kentucky law.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is **GRANTED**.  An appropriate order shall issue.